UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ABRIL-AMADOR,<br><br>            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Criminal No.  09-CR-2633-L<br>Civil No.         10-CV-2435-L<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)**<br><br>[Doc. No. 25] |

On November 24, 2010, Petitioner Jesus Abril-Amador ("Petitioner"), proceeding *pro se*, filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon the November 1, 2010 Amendments to the Federal Sentencing Guidelines. The Government has filed a response and opposition and United States Probation has filed a responsive memorandum. Petitioner has not filed a reply. For the reasons set forth below, the Court **DENIES** Petitioner's motion.

**BACKGROUND**

On August 3, 2009, Petitioner pled guilty to a one-count information charging him with Attempted Entry After Deportation in violation of 8 U.S.C. § 1326(a) and (b). Applying the advisory Guidelines in effect at the time of Petitioner's sentencing, the Court determined the advisory range was 63-78 months based on an offense level of 19 and a criminal history category of VI. After considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Petitioner to 48

months of imprisonment.

## DISCUSSION

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), based on Amendments 740 and 742 to the Sentencing Guidelines. Amendment 740 addressed downward departures for cultural assimilation and Amendment 742 eliminated the "recency" points assessed by U.S.S.G. § 4A1.1(e). Petitioner also asks the Court to take into consideration a downward departure for post-sentencing rehabilitative efforts.

First, Petitioner is ineligible for a sentencing reduction under 18 U.S.C. § 3582(c)(2) because the Sentencing Commission has not given Amendments 740 and 742 retroactive effect. A court may reduce a defendant's sentence under § 3582(c)(2) if the sentence was based on a sentencing range that has been subsequently amended by the Sentencing Commission. In determining whether a sentence should be modified under § 3582(c)(2), the Court must follow a two-step approach. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). First, the court must determine that a reduction is consistent with the policy statements issued by the Sentencing Commission in U.S.S.G. § 1B1.10. *Id.* Second, the court must consider whether the authorized reduction is warranted according to the factors set forth in 18 U.S.C. § 3553(a). *Id.*

Section 1B1.10 of the Federal Sentencing Guidelines states "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if: (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). Neither Amendment 740 nor 742 are listed under subsection (c). *See* U.S.S.G. §1B1.10(c). Therefore, these amendments cannot be applied retroactively. Accordingly, the Court does not have the authority to modify Petitioner's sentence.

Second, post-sentence rehabilitative efforts are not an appropriate basis for downward departure. Section 5K2.19 of the Federal Sentencing Guidelines states: "Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when

2

resentencing the defendant for that offense." U.S.S.G. § 5k2.19.  Therefore, the Court declines Petitioner's request for a downward departure for his post-sentence rehabilitative efforts.

## CONCLUSION

For the reasons discussed above, Petitioner's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED.**

**IT IS SO ORDERED.**

DATED:  June 3, 2011

_____
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER